IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THEODORE ROGERS, JR.,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**NEDRA CHANDLER ,** )<br>)<br>Respondent. ) | Civil No. **05-907-MJR** |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Theodore Rogers, Jr., was convicted of two counts of armed robbery by a St. Clair County jury on January 21, 2000. He was sentenced to two terms of 35 years imprisonment, to be served concurrently. Now before the court is his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## Procedural History

Petitioner was convicted of robbing Edward and Francis Boone at gunpoint on the parking lot of St. Clair Square Mall. The following description of the facts is gleaned from the Fifth District Appellate Court's Rule 23 Order denying petitioner's direct appeal. On January 6, 1999, Mr. and Mrs. Boone came out of the mall at approximately 7:30 or 7:45 p.m., and went to their car. Mr. Boone got in the driver's side and Mrs. Boone got in the passenger side. Mr. Boone noticed a black Lexus behind him. The driver of the black Lexus, who was later identified as Larry Ward, came up to the window, tapped on it with a gun, and said, "Open that

1

motherfucking door or I am going to blow your head off." Mr. Boone opened the door. At Ward's demand, Boone gave him his money clip, wallet, and wedding ring. Ward struck Mr. Boone on the side of the head. Another man, later identified as petitioner Rogers, came to Mrs. Boone's window and demanded her jewelry. He said, "Give me the motherfucking jewelry or I am going to shoot you." The robbers left in the Lexus, which had been stolen by Ward in a car jacking earlier in the day. Ward testified that Rogers participated in that car jacking as well as in the robbery of the Boones. **People v. Rodgers, Rule 23 Order, Doc. 13, Ex. 3.**

On direct appeal, Rogers asserted that (1) he was denied a fair trial when the state was allowed to impeach his mother's testimony with a transcript of a telephone conversation between her and petitioner, and (2) his two 35-year extended sentences violated *Apprendi v. New Jersey*, **530 U.S. 466, 120 S.Ct. 1215 (1999). Doc. 13, Ex. A.**

Petitioner did not file a petition for leave to appeal to the Supreme Court on his direct appeal. **Doc. 1, p. 2; Doc. 13, p. 2**.

Rogers filed a pro se postconviction petition, and moved for the appointment of counsel. **Doc. 13, Ex. D**. Appointed counsel filed an amended petition on May 9, 2003, which raised the following claims:

1. Trial counsel was ineffective in failing to object to the use of the recorded telephone conversation in the cross-examination of Christine Rogers, and in failing to raise the issue in the post-trial motion.

2. Trial counsel was ineffective in failing to object to the state's vouching for the veracity of Larry Ward.

3. Trial counsel was ineffective in failing to subpoena eye witnesses to testify at a suppression hearing regarding a "show-up" identification procedure.
4. Appellate counsel was ineffective in failing to challenge the propriety of the show-up procedure.

2

5. Appellate counsel was ineffective in failing to raise the issue of prosecutorial misconduct in vouching for the veracity of Larry Ward.

6. The enhanced sentences violated *Apprendi.*

7. Both trial and appellate counsel were ineffective in failing to raise the issue of the trial court's consideration of a "certified" copy of Rogers' Missouri conviction.

**Doc. 13, Ex. E**.

After the dismissal of the postconviction petition without an evidentiary hearing, Rogers raised the following points on appeal, through counsel:

1. Trial counsel was ineffective in failing to object to the state's vouching for the veracity of Larry Ward.

2. Appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel in connection with Larry Ward.

**Doc. 13, Ex. G.**

After his appeal was denied, Rogers filed a motion for rehearing, in which he tried to raise additional points. The motion was denied. **Ex. J & K.**

Rogers was granted leave to file a late petition for leave to appeal, in which he raised the ineffectiveness of trial and appellate counsel in regard to the issue of the state vouching for Larry Ward, and the *Apprendi* challenge to his extended term sentences. **Doc. 13, Ex. N**. He later filed a motion to supplement his PLA, but that motion was denied. **Ex. O, P**. Leave to appeal was denied on December 1, 2005. **Ex. Q**. Rogers filed a timely habeas petition in this court on December 27, 2005.

## Grounds for Habeas Relief

Petitioner asserts the following grounds:

3

1. Trial counsel was ineffective in failing to object to the use of the recorded telephone conversation in the cross-examination of Christine Rogers, and in failing to raise the issue in the post-trial motion court's granting leave to the state to reopen its case.

2. Trial counsel was ineffective in failing to object to the state's vouching for the veracity of Larry Ward, and in failing to preserve this issue for appeal.

3. Trial counsel was ineffective in failing to subpoena eye witnesses to testify at a suppression hearing regarding a "show-up" identification procedure.

4. Appellate counsel was ineffective in failing to challenge the propriety of the show-up procedure.

5. Appellate counsel was ineffective in failing to raise the issue of prosecutorial misconduct in vouching for the veracity of Larry Ward.

6. The enhanced sentences violated *Apprendi.*

7. Both trial and appellate counsel were ineffective in failing to raise the issue of the trial court's consideration of a "certified" copy of Rogers' Missouri conviction.

8. Trial counsel was ineffective in failing to object to a pattern jury instruction.

9. Trial counsel was ineffective in failing to object during sentencing when the trial judge neglected to inform Rogers that he was subject to a three year term of supervised release.

The last two points were not included in the original habeas petition, but were presented in petitioner's motion to amend. **See, Docs. 12 & 17**.

## **Analysis**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." **Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002)**.

Habeas is not another round of appellate review. Federal courts do not review state court determinations of state law questions on habeas review. ***Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993).** Rather, 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Petitioner must clear two procedural hurdles before the court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. ***Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).** "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).** "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***Id.*; see also, 28 U.S.C. § 2254(c).** In ***O'Sullivan v. Boerckel***, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). ***O'Sullivan*, 526 U.S. at 843-846.**

Petitioner can circumvent this bar to review if he is able to demonstrate cause for his procedural error **and** establish prejudice resulting from that error, i.e., "cause and prejudice."

5

*Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In order to demonstrate prejudice, petitioner must show that the violation of his federal rights caused him actual and substantial prejudice. *Id.*

Rogers has cleared the first procedural hurdle, exhaustion. He has exhausted all available avenues of relief through the Illinois system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceeding. **See 725 ILCS 5/122-1(c); see also *O'Sullivan*, 526 U.S. at 844 (holding that repetitive petitions are not required).** However, most of his claims are procedurally defaulted because they were not presented for one full round of state court review.

The seven grounds stated in the original habeas petition were set forth in Rogers' postconviction petition. However, only grounds 2 and 5, relating to the state vouching for Larry Ward, were raised on appeal and in the PLA. The last two grounds for habeas relief were not presented to the state court at all.

In his reply, Rogers argues that he did present all grounds. He argues that he filed a motion for rehearing on his postconviction petition in the Appellate Court and a motion to supplement his PLA in the Supreme Court in which he sought leave raise additional claims. Those motions were denied. **See, Ex. J, K, O, & P**. He cites cases, none of which are from the Seventh Circuit, which hold that a claim presented in a pro se brief that is supplemental to a counseled brief has been adequately presented to the state court. **See, Doc. 21, p. 2**.

6

None of the cases cited by petitioner are authoritative for this court, and none are on point. Rogers did not present additional claims to the state court by way of filing a pro se brief to supplement the briefs filed by his attorneys. Rather, he filed a motion for rehearing after the Appellate Court had already denied his appeal, and then moved to amend his own pro se PLA in the Supreme Court. Both the motion for rehearing and the motion for leave to amend were denied.

Rogers' argument would not carry the day even if this court were to hold that the claims that he sought to raise in his amended PLA were adequately presented to the Supreme Court. The reason is that the additional points were not raised in the Appellate Court before it decided his appeal from the dismissal of the postconviction petition. As is noted above, the only issues raised on the appeal from the dismissal of the postconviction petition were that trial and appellate counsel were ineffective in failing to address the state vouching for Larry Ward. **Ex. G.** Petitioner cites no authority for the proposition that claims raised for the first time in a motion for rehearing *after* the state court has already ruled are adequately presented to the state court, and this court's research has not located any such authority. This is not surprising. There is a fundamental difference between raising a claim in a supplemental brief before the state court has ruled and raising a claim in a motion for rehearing after the state court has ruled. While it may be appropriate to consider the claim in the first situation to have been adequately presented, it would not be in the second. Thus, this court holds that only grounds 2 and 5 of the habeas petition were adequately presented to the state court for one full round of consideration.

This court can consider only grounds 2 and 5 unless petitioner can demonstrate cause and prejudice for his procedural default. The only attempt he has made to do so is to point to

7

postconviction counsel's failure and neglect to raise the additional issues on the appeal from the dismissal of the postconviction petition. However, ineffectiveness of postconviction counsel does not constitute cause in the cause and prejudice analysis. ***Szabo v. Walls*, 313 F.3d 392, 396-397 (7th Cir. 2002).**

Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" ***Coleman*, 501 U.S. at 748, 750 111 S.Ct. at 2564.** This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong. **See,** *Sawyer v. Whitley***, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992).** This is not such a case.

Rogers has not raised a colorable claim of actual innocence. The Appellate Court found on direct appeal that the evidence "was not closely balanced." **Ex. C, p.11.** In addition to the fact that Larry Ward testified that he and Rogers committed the robbery, another witness identified Rogers as the black male who was the robber on the passenger side of the Boone vehicle, and testified that she saw Rogers get into the black Lexus holding a purse. After hearing a radio report of the robbery, a Fairview Heights police officer spotted the Lexus and followed it. The Lexus stopped and two men exited the vehicle and ran away. The officer followed the passenger because he had exited last. The passenger ran around a building and the officer lost him. The officer continued to look for the men, and he found a woman who told him that two men had forced their way into her apartment in East St. Louis to hide from the police. That woman later identified Rogers as one of the men. Jewelry, a purse, and a wallet that belonged to the victims was found in the area where the two suspects ran. More jewelry was found lying on

8

the ground near the spot where Rogers was apprehended. **Ex. C, pp. 2-7.** Witnesses identified Rogers' clothing as being similar to the clothing worn by the robber on Mrs. Boone's side of the car. This court agrees that the evidence of Rogers' guilt was substantial. Thus, the cause and prejudice requirement should not be waived.

The two claims for habeas relief that are not procedurally defaulted both relate to the issue of the state vouching for the veracity of Larry Ward, Rogers' accomplice. Rogers argues that trial counsel was ineffective in failing to object to the state's examination of Ward and to the state's closing argument about Ward's testimony. He also argues that appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel in this regard.

A claim of ineffectiveness of counsel must itself be presented to a state court for consideration before it can be raised in a habeas petition under §2254. Under Illinois law, claims of ineffective assistance of counsel based on facts appearing in the record can be raised on direct appeal, and claims of ineffective assistance of appellate counsel can be raised in a post-conviction petition. **See, *Lemons v. O'Sullivan* 54 F.3d 357, 360 - 361 (7thCir. 1995), and Illinois cases cited in footnote 2.**

The failure of appellate counsel to raise the issue can serve as "cause" for failing to raise trial counsel's ineffectiveness on direct appeal. The failure of appellate counsel must itself be presented for a full round of state court consideration. ***Edwards v. Carpenter*, 529 U.S. 446, 451-425, 120 S.Ct. 1587, 1591 (2000)**. Here, the ineffectiveness of appellate counsel was raised in the postconviction petition and was presented for one full round of review.

Whether counsel was ineffective is governed by ***Strickland v. Washington*, 104 S.Ct. 2052, 2064-65 (1984)**. The issue for this court on habeas is whether the state court's decision

9

was "contrary to" or constituted an "an unreasonable application of" Supreme Court precedent. **28 U.S.C. § 2254(d)(1)**. "Avoiding these pitfalls does not require citation of [Supreme Court] cases - indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." ***Early v. Packer*, 537 U.S. 3, 9, 123 S.Ct. 362 (2002) (emphasis in original).**

The Seventh Circuit has noted that the scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1). ***Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).** The unreasonable application standard is "a difficult standard to meet." ***Id.*, at 662.** Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." ***Id.*, at 662 (internal citation omitted).**

The Seventh Circuit has emphasized that, when considering a claim of ineffective assistance of counsel on habeas, federal courts must honor any "reasonable" state court decision; "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." ***Holman v. Gilmore*, 126 F.3d 876, 881-882 (7th Cir. 1997)**.

Although it did not cite directly to the ***Strickland v. Washington*** decision, the Fifth District properly applied the principles enunciated in ***Strickland*** in its Rule 23 Order. **Doc. 13, Ex. I**. The briefs of both parties cited ***Strickland***, and it is clear that the state court was following the appropriate standard in its Rule 23 Order. **See, Ex. G, H, & I**.

The ***Strickland*** analysis is two-pronged; petitioner must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. ***Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.** The Appellate Court turned to the first prong,

that is, whether counsel was reasonably competent. ***Strickland*, 466 U.S. at 687-688, 104 S.Ct. at 2064.** ***Strickland*** teaches that the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [internal citation omitted]." ***Id.***

In its Rule 23 Order, the Appellate Court described the situation at trial as follows:

Ward struck a deal with the State in return for his testimony against the defendant. When Ward testified, the prosecutor intimated that he and a detective had decided that Ward's story was truthful before offering him a deal and that if Ward changed his story and lied, committing what the state believed to be perjury, he would not receive anything in return for his testimony.

**Doc. 13, Ex. I, p.2.**

The Appellate Court noted that an objection to this line of questioning would have been appropriately sustained. However, the court determined that counsel was not incompetent for failing to object to the state vouching for Ward's veracity. The court stated, "Some reasonably competent criminal defense attorneys might view the State's questioning in a different light. They might see it as a fairly dynamic portrayal of how Ward's testimony was bought and paid for in years of freedom, a demonstration of why that testimony should not be given any weight." *Id*. The state court concluded that "allowing the improper references to the prior interviews, and to the sword of Damacles [sic] that the State waived over Ward's head, could have constituted sound defense strategy." **Doc. 13, Ex. I, p. 2.**

The state court's application of ***Strickland*** was not unreasonable. It certainly does not lie outside the boundaries of permissible differences of opinion. ***Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).**

11

Because trial counsel was not ineffective for failing to object at trial, it follows that appellate counsel was not ineffective for failing to raise the point on appeal. **See,** *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000).

In sum, Rogers has not demonstrated a constitutional wrong, and he has not advanced a colorable claim of actual innocence. **See,** *Sawyer v. Whitley*, **505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).** Rogers is not entitled to habeas relief.

### Recommendation

This court recommends that the Petition for Writ of Habeas Corpus should be denied in all respects.

Objections to this Report and Recommendation must be filed on or before **January 15, 2008.**

**DATE: December 21, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**