IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEODORE ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0907-MJR |
| | ) |
| NEDRA CHANDLER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On January 16, 2008, the undersigned District Judge adopted a Report and Recommendation submitted by Magistrate Judge Clifford J. Proud herein, denied Theodore Rogers' habeas corpus petition, and dismissed this case. One day later, the Court received an objection to the Report. The Court now considers that objection, which was mailed by Rogers on January 12, 2008. (Doc. 28).

Analysis of Rogers' habeas petition begins with reference to the underlying criminal proceeding. In January 2000, in the Circuit Court of St. Clair County, Illinois, a jury convicted Rogers of armed robbery (specifically, of robbing two persons at gunpoint in the parking lot of a local shopping mall). The trial judge sentenced Rogers to two consecutive 35-year terms of imprisonment. After unsuccessfully pursuing a direct appeal and post-conviction proceedings in state court, Rogers sought habeas relief in this Court, under 28 U.S.C. § 2254.

Review of Rogers' habeas petition is limited by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA, habeas relief must not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In assessing the reasonableness of the state court decision, the federal court must assume that the state courts' factual determinations are correct, unless the petitioner rebuts them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Julian v. Bartley*, 495 F.3d 487, 492 (7th Cir. 2007).

Additionally, a defendant "is generally required to exhaust all of his available state court remedies before seeking a writ of habeas corpus in federal court." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007), *citing* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). This exhaustion doctrine promotes federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights. *Id., citing Picard*, 404 U.S. at 275. For this reason, a habeas petitioner must first present the state courts with the same claims he urges upon the federal court. If he failed to do so and the opportunity to raise that claim in state court has lapsed, the petitioner has procedurally defaulted his claim, thereby precluding the federal court from reviewing the merits of his habeas petition. *Id.*

The exhaustion doctrine is subject to equitable exceptions, though. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A petitioner who has procedurally defaulted his claims still may obtain federal habeas relief *if* he shows "cause and prejudice for the default"[1] or "that a failure to grant him relief would work a fundamental miscarriage of justice." *Bintz v. Bertrand*, 403 F.3d 859,

---

[1] "Cause" is established by showing that an external obstacle prevented the petitioner from presenting his claim to the state courts. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). *Accord Murray v. Carrier*, 477 U.S. 478, 488 (1986)(to establish cause for default, petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court). To show prejudice, the petitioner must prove that state court errors worked to his "actual and substantial disadvantage." *U.S. v. Frady*, 456 U.S. 152, 170 (1982).

863 (7th Cir. 2005). A fundamental miscarriage of justice occurs when "a constitutional violation "probably resulted in the conviction of one who is actually innocent." *Id.*

In the instant case, the undersigned Judge – like Magistrate Judge Proud – concludes that all but two of Rogers' claims were procedurally defaulted (not fully and fairly presented to the state courts). And the exception to the cause-and-prejudice requirement has no application here, because Rogers has identified no "fundamental miscarriage of justice" resulting from the failure to grant him habeas relief. (Specifically, Rogers has not made a colorable claim of actual innocence.)

Furthermore, the undersigned District Judge reaches the same conclusion as Magistrate Judge Proud reached regarding the two claims that were *not* defaulted. As to those claims, Rogers has failed to show that the state court decision (a) was contrary to, or involved an unreasonable application of, federal law or (b) was based on an unreasonable determination of the facts. More specifically, the state court's application of **Strickland v. Washington**, 466 U.S. 668 (1984)(delineating two-pronged test for evaluating effectiveness of counsel), was *not* unreasonable.

Having carefully reviewed the parties' briefs plus Rogers' thorough objection to Magistrate Judge Proud's findings, the Court concludes that Rogers is *not* entitled to habeas relief. Because the undersigned Judge properly adopted Judge Proud's Report (Doc. 25) and denied Rogers' habeas petition (Doc. 1), the judgment entered January 16, 2008 (Doc. 27) stands.

IT IS SO ORDERED.

DATED this 17th day of January 2008.

                                              s/ Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge