IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THEODORE ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-0907-MJR |
| | ) | |
| NEDRA CHANDLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On January 16, 2008, the undersigned District Judge adopted a Report and Recommendation which urged denial of Theodore Rogers' habeas petition. Thereafter, the Court received and reviewed an objection which had been "mailed" by Rogers before the January 15th objection deadline. Ultimately, the Court determined that Rogers was not entitled to habeas relief and denied his petition.

Rogers timely appealed on February 4, 2008. Now before the Court are Rogers' motions for certificate of appealability and pauper status on appeal.

28 U.S.C. § 2253(c)(1) requires a certificate of appealability for any appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." But § 2253(c)(2)

provides that a certificate of appealability shall issue only if the movant "has made a substantial showing of the denial of a constitutional right."

For the reasons detailed in the Court's Order denying habeas relief, the undersigned District Judge concludes that Rogers has *not* made a substantial showing of the denial of a constitutional right. Therefore, the Court **DENIES** his motion for certificate of appealability (Doc. 31).

A more liberal standard applies to motions for leave to proceed in forma pauperis on appeal. *See, e.g., Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998). 28 U.S.C. § 1915(a)(1) provides that a United States District Court may authorize commencement of a civil appeal without prepayment of fees, by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds that pauper status cannot be granted if the appeal is not taken in good faith. *See also Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000)("because these appeals are not in good faith for purposes of §1915(a)(3), we revoke the orders permitting the appellants to proceed in forma pauperis"); FED. R. APP. P. 24(a)(3)(A).

In the case at bar, Petitioner Rogers has established his indigence, and the Court finds that his appeal is taken in good faith. Accordingly, the Court **GRANTS** Rogers' motion to appeal in forma pauperis (Doc. 34).

IT IS SO ORDERED.

DATED this 11th day of February 2008.

                                          s/ Michael J. Reagan
                                          MICHAEL J. REAGAN
                                          United States District Judge